## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| ADREN MITCHELL, on behalf of himself and others similarly situated, | : : : | CIVIL ACTION FILE NO. |
| Plaintiff, | : : | |
| v. | : : | **COMPLAINT – CLASS ACTION** |
| APOLLO INTERACTIVE INSURANCE SOLUTIONS LLC | : : : | **JURY TRIAL DEMANDED** |
| Defendant. | : : | |

_____/

Plaintiff Adren Mitchell (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

1.     <u>Nature of Action</u>: "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers,' *id.* § 2(6), and sought to strike a balance

between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms,' *id.* § 2(9)." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649 (4th Cir. 2019).

2.      "[T]he law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.'). . . . [P]rivate suits can seek either monetary or injunctive relief. [47 U.S.C. § 227(c)(5)]. . . . This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of

the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Id.* at 649-50.

3.      Plaintiff, individually and as class representative for all others similarly situated, brings this action against Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") for making telemarketing calls to numbers on the National Do Not Call Registry, including his own.

4.      Because telemarketing campaigns generally place calls to thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

### I.    PARTIES

5.  Plaintiff Mitchell is an individual who resides in the Middle District of Florida.

6.  Defendant Apollo Interactive Insurance Solutions LLC is a limited liability company.

## II.    JURISDICTION AND VENUE

7.    <u>Jurisdiction.</u> This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. 47 U.S.C. § 227; *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

8.    <u>Personal Jurisdiction</u>: The Court has specific personal jurisdiction over Defendant because they sent telemarketing calls into this District.

9.    <u>Venue</u>: Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims—namely, the illegal telemarketing at issue—were directed into and received in this District.

## III.    FACTS

### A.    The Enactment of the TCPA and its Regulations

10.    In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

11.    Section 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

4

12.    The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

13.    A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

14.    The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

15.    Defendant Apollo Interactive is a "person" as the term is defined by 47 U.S.C. § 153(39).

16.    Apollo Interactive offers insurance services.

17.    Plaintiff Mitchell's cellular telephone number, (386) 212-XXXX, has been registered with the National Do Not Call Registry since April 13, 2023.

18.    Plaintiff Mitchell uses his cell phone for personal use only. It is not used as a business number.

19.     Despite this, the Plaintiff received the following text messages from the Defendant between March and May of 2024:



20.     All of the texts were from the same short code, 69349.

21.     This is a short code for Apollo.

22.     Other individuals have complained of and filed lawsuits against

Apollo Interactive for their unlawful sending of telemarketing calls.

23.     Plaintiff Mitchell has never had any business relationship with

Defendant.

24.     Plaintiff Mitchell was not looking for insurance related products such

as the Defendant offers, and has never given his express written consent to

Defendant to place telemarketing calls his her cell phone.

## CLASS ACTION ALLEGATIONS

25.     Plaintiff brings this action on behalf of himself and the following class

(the "Class") pursuant to Federal Rule of Civil Procedure 23.

26.     Plaintiff proposes the following Class definition, subject to

amendment as appropriate:

> **National Do Not Call Registry Class**: All persons in the United
> States whose (1) residential telephone numbers were on the National
> Do Not Call Registry for at least 31 days, (2) but who received more
> than one telemarketing call from or on behalf of Defendant, (3) within
> a 12-month period, (4) at any time in the period that begins four years
> before the date of filing this Complaint to trial.

27.     Plaintiff Mitchell is a member of and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the Class members.

28.     Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

29.     Plaintiff and all members of the Class have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, the use of their data plans, and the intrusion on their telephone that occupied it from receiving legitimate communications.

30.     This Class Action Complaint seeks injunctive relief and money damages.

31.     The Class as defined above is identifiable through the Defendant's dialer records, other phone records, and phone number databases.

32.     Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes the Class members number, at minimum, in the hundreds.

33.     The joinder of all members of the Class is impracticable due to the size and relatively modest value of each individual claim.

34.     Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

35.     There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

(a) whether Defendant made telemarketing calls without first obtaining prior express written consent;

(b) whether Defendant systematically sent made telemarketing calls to telephone numbers registered with the National Do Not Call Registry;

(c) whether Defendant's conduct constitutes a violation of the TCPA; and

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

36.     Further, Plaintiff will fairly and adequately represent and protect the interests of the Class.  Plaintiff has no interests which are antagonistic to any member of the Class.

37.     Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions.  Plaintiff and his counsel are committed to vigorously prosecuting this

action on behalf of the other members of the Class, and have the financial

resources to do so.

38.     Common questions of law and fact predominate over questions

affecting only individual class members, and a class action is the superior method

for fair and efficient adjudication of the controversy.

39.     The likelihood that individual members of the Class will prosecute

separate actions is remote due to the time and expense necessary to prosecute an

individual case.

## FIRST CAUSE OF ACTION
### Violation of the Telephone Consumer Protection Act
### Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)
### (On Behalf of Plaintiff and the National Do Not Call Registry Class)

40.     Plaintiff incorporates the allegations in paragraphs 1-39 as if fully set

forth herein.

41.     The foregoing acts and omissions of Defendants and/or their affiliates,

agents, and/or other persons or entities acting on Defendant's behalf constitute

numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making

telemarketing calls, except for emergency purposes, to Plaintiffs and members of

the National Do Not Call Registry Class despite their numbers being on the

National Do Not Call Registry.

42.     Defendant's violations were negligent, willful, or knowing.

43.     As a result of Defendant's, and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are presumptively entitled to an award of between $500 and $1,500 in damages for each call made.

44.     Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.     That the Court enter a judgment awarding Plaintiff and all class members statutory damages for each violation of the TCPA;

B.     An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing a Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and

appointing the lawyers and law firms representing Plaintiff as counsel for the Class; and

    C.     Such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: June 24, 2024          PLAINTIFF, individually and on behalf of all others similarly situated,

*/s/ Avi R. Kaufman*
Avi R. Kaufman (FL Bar no. 84382)*
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Lead Counsel